IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| SOPRAMCO CV9 CFL, LLC,<br><br>**Plaintiff**,<br><br>v.<br><br>PABLO FRANCISCO QUIÑONES-RIVERA, et al.,<br><br>**Defendants**. | **CIVIL NO.** 09-1669 (FAB) |

**ORDER FOR DEFAULT JUDGMENT**

The Court has before it Plaintiff's motion for default judgment (Docket No. 14) against defendants Pablo Quiñones-Rivera, his wife Tania Ramos-Nieves and their conjugal partnership. For the reasons stated below, the motion is **GRANTED**.

**I.**

On July 15, 2009, Sopramco filed the complaint in this action against Pablo Quiñones-Rivera, his wife Tania Ramos-Nieves and their conjugal partnership because of their non-compliance with the terms and conditions of a loan and mortgage deed for an amount of three hundred four thousand five hundred dollars ($304,500.00), executed on August 31, 2005. See Docket No. 1.

Defendants Pablo Quiñones-Rivera, and the conjugal partnership between him and Tania Ramos-Nieves were personally served with summons and copies of the Complaint on **August 12, 2009**, respectfully, and defendant Tania Ramos-Nieves was personally served with summons and a copy of the complaint on **September 29,**

Civil No. 09-1669 (FAB)                                                 2

**2009,** as established by the return of service on record.  See Docket Nos. 9, 10, 11.

Pursuant to Rule 12(a)(1)(A), defendants Pablo Quiñones-Rivera and the conjugal partnership were required to serve their answer or otherwise plead to the Complaint on or before **September 1, 2009.**  Defendant Tania Ramos-Nieves was required to serve her answer or otherwise plead to the complaint on or before **October 19, 2009.**

Because defendants Pablo Quiñones-Rivera, his wife Tania Ramos-Nieves and their conjugal partnership had not appeared before this Court in response to the duly served complaint, on November 25, 2009, Sopramco requested that default be entered against defendants Pablo Quiñones-Rivera, his wife Tania Ramos-Nieves and their conjugal partnership.  See Docket No. 13.  Default was entered on November 30, 2009.  (Docket No. 15)  Sopramco then filed its motion for default judgment on December 1, 2009.  (Docket No. 16)

Defendants Pablo Quiñones-Rivera, his wife Tania Ramos-Nieves and their conjugal partnership have failed to defend against Sopramco's claims in this case.  The detailed sufficiency of the Complaint, the undisputable nature of the facts of this collection action, and the attached affidavit make default judgment the appropriate remedy.

Civil No. 09-1669 (FAB)                                                                 3
_____

## II.

    1.    As alleged in the Complaint, on October 31, 2005, defendants Pablo Quiñones-Rivera, his wife Tania Ramos-Nieves and their conjugal partnership obtained a loan from R&G Mortgage Corporation, and executed a Mortgage Note in the amount of three hundred four thousand five hundred dollars ($304,500.00), repayable at an interest rate of 5.875% per year.

    2.    As guarantee of the repayment obligation evidenced by the Mortgage Note, the defendants also executed Mortgage Deed number 76 before Notary Public Mario M. Oronoz, encumbering Property No. 58,807 ("Barrio Bairoa in Caguas, Puerto Rico"), recorded in the Puerto Rico Property Registry, Second Section of Caguas, Volume 1709 at page 15, in the amount of $304,500.00. The property is owned by defendants Pablo Quiñones-Rivera, his wife Tania Ramos-Nieves and their conjugal partnership.

    3.    The Mortgage Deed executed by defendants Pablo Quiñones-Rivera, his wife Tania Ramos-Nieves and their conjugal partnership is recorded at the Registry of Property of Puerto Rico, in the aforementioned Section, Registry Book and page, in the Spanish language as follows:

> "URBANA: Solar "D" guión Nueve (D-9) de la Urbanización Montecielo, localizada en el Barrio Bairoa del término Municipal de Caguas, Puerto Rico, con una cabida superficial de SEIS UNO DOS PUNTO TRES SIETE CINCO METROS CUADRADOS (612.375 MC) y un área plana de CUATRO SIETE TRES PUNTO SEIS OCHO CINCO METROS (473.685 M). En lindes por el NORTE, en una distancia de Uno Siete Punto Dos Cinco metros (17.25 M), con la Calle Número Tres (3) de

dicha urbanización; por el SUR, con dos alineaciones de Uno Seis Punto Siete Cuatro metros (16.74 M) y Cero Punto Uno Cinco metros (0.51 M) con el Solar "E" guión Cinco (E-5) y la calle número dos (2) de dicha urbanización; por el ESTE, en una distancia de Treinta y Cinco Punto Cinco Cero metros (35.50 M) con el Solar "D" guión Diez (D-10); y por el OESTE, en una distancia de Treinta y Cinco Punto Cero Cero metros (35.00 M) con el Solar "D" guión 8 (D-8). En dicho solar hay construida una estructura en hormigón para vivir una familia."

4. Sopramco is the owner and holder of the Mortgage Note of $304,500.00. Pramco CV9, LLC purchased Loan No. 107120012 from R&G Mortgage Corporation on September 28, 2007 and on June 30, 2009, transferred and assigned it to Sopramco.

5. Defendants Pablo Quiñones-Rivera, his wife Tania Ramos-Nieves and their conjugal partnership defaulted on their repayment obligations to Sopramco and, for that reason Sopramco accelerated the debt and declared the obligation under the mortgage note due.

6. As of October 16, 2009, defendants owed Sopramco the principal amount of $293,278.61, interest in the amount of $19,703.59, which continues to accrue by the fluctuating rate on a daily basis in the amount of $47.86, $1,170.78 in late charges, an escrow deficiency of $210.38, and $30,450.00 in contractually agreed-upon attorney's fees and legal costs, for a total amount of $344,813.36 as of October 16, 2009.

### III.

This Court has jurisdiction to entertain the claims pleaded under 28 U.S.C. § 1332 because the matter in controversy exceeds

Civil No. 09-1669 (FAB)                                                        5

the sum or value of $75,000, exclusive of interest and costs, and complete diversity exists between the plaintiff and defendants.

Plaintiff Sopramco is a legal entity organized under the laws of the State of Delaware and exists under the laws of the State of New York, having its principal office in New York, New York. Defendants Pablo Quiñones-Rivera, his wife Tania Ramos-Nieves and their conjugal partnership are citizens of the Commonwealth of Puerto Rico.

Venue is proper in this district pursuant to 28 U.S.C. § 1391 (a), (b) and (c), because all operative facts alleged occurred within the Commonwealth of Puerto Rico and because defendants are residents and citizens of the Commonwealth of Puerto Rico, thus being subject to personal jurisdiction in the Commonwealth of Puerto Rico.

Defendants Pablo Quiñones-Rivera, his wife Tania Ramos-Nieves and their conjugal partnership are indebted to Sopramco for the loan granted on October 31, 2005, which is past due and payable. Defendants Pablo Quiñones-Rivera, his wife Tania Ramos-Nieves and their conjugal partnership breached their repayment obligations with Sopramco.  Under Article 1044 of the Civil Code, "Obligations arising from contracts have legal force between the contracting parties, and must be fulfilled in accordance with their stipulations."  31 L.P.R.A. § 2994.  Moreover, "[t]he validity and

Civil No. 09-1669 (FAB)                                                    6

fulfillment of contracts cannot be left to the will of one of the contracting parties."  31 L.P.R.A. § 3373.

Contracts in the Commonwealth of Puerto Rico are created as long as the following requisites exist:  (1) the consent of the contracting parties; (2) a definite object which may be the subject of the contract; and (3) the cause for the obligation which may be established.  31 L.P.R.A. § 3391; See Neca Mortg. Corp. v. A & W Dev. S.E., 137 D.P.R. 860, 871 (1995).

Furthermore, in clarification of section 3391, section 3401 of the Civil Code states in relevant part that, "consent is shown by the concurrence of the offer and acceptance of the thing and the cause which are to constitute the contract."  31 L.P.R.A. § 3401. Thus, the traditional elements of offer, acceptance, and consideration in the formation of contract under common law jurisdictions are also reflected in sections 3391 and 3401 of the Civil Code.

The Court has before it evidence of the mentioned contractual elements, undoubtedly establishing the binding obligations breached by defendants.

Finally, Article 1061 of the Civil Code provides that the indemnity for losses and damages due to a debtor's default to comply with his or her obligation to pay an amount of money shall consist in the payment of the legal interest.  See 31 L.P.R.A. § 3025.

Civil No. 09-1669 (FAB)                                                7

Plaintiff Sopramco is entitled to judgment as a matter of law against defendants Pablo Quiñones-Rivera, his wife Tania Ramos-Nieves and their conjugal partnership in the amount of $344,813.36, accruing daily interest since October 16, 2009 at the daily rate of $47.86.

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, December 2, 2009.

                                           s/ Francisco A. Besosa
                                           FRANCISCO A. BESOSA
                                           UNITED STATES DISTRICT JUDGE